Our second case this morning is Clark v. Steiner. That's case number 4110147. And that is consolidated with 4110148 for the appellant, Mark Bovard, and for the appellee, William McGrath. Please proceed. Mark Bovard May it please the Court, Mr. McGrath. Good morning, Your Honors. My name is Mark Bovard, and I'm appearing here today on behalf of the Defendant Appellant Charles Steiner and Larry Kirkman. The matter before the Court is review of two rulings from the Circuit Court in Douglas County. The underlying matter involved a lot of parcel property located in Murdoch, Illinois. The rulings that are the subject of the current appeal concern whether or not there was an enforceable oral real estate purchase contract between the plaintiff, Mr. Clark, and the defendant, Mr. Steiner. And if there was such a contract, what the appropriate remedy would be. The Circuit Court found there to be, one, a contract between Clark and Steiner. Two, that even though that that contract was oral, that it was enforceable. And three, the Court fashioned the remedy to be specific performance. It's the position of Mr. Steiner that the Court erred in each of those three rulings and that this matter should be reversed in its entirety or reversed and remanded back to the Circuit Court for determination of damages if, in fact, this panel finds there to have been an oral contract that's enforceable. As it concerns the first issue, the existence of an enforceable oral contract, it is the defendant appellant's position that the Court erred both factually and legally in its analysis. Factually, the Court found there to have been an oral contract between Mr. Clark and Mr. Steiner, despite the fact that there was no writing and that the only evidence of such contract was the word of Mr. Clark himself. The record will show that Mr. Clark... Well, there's the evidence that he paid the taxes. That's pretty powerful evidence, isn't it? I don't think it's powerful. I mean, it's not really normal for somebody to just go and pay somebody's taxes. I agree with that, but it's not normal for that same person to simply pay the taxes and then do nothing for two, three months, meaning he didn't advise the individual, I paid the taxes. He didn't bring a deed to Mr. Steiner and say, hey, I paid the taxes like we talked about. He made improvements on the property or cleaned it up or something of that nature, did he not? He went to the property. The nature and extent of any improvements is something that would have been factually disputed because the way we had stipulated we proceed, there was really no evidence as of yet as to what the nature of his work was. But I would concede that Mr. Clark would testify that he went on to the property and removed bushes, shrubs, trees... Well, you're indicating that was a factual dispute. Well, it was also a factual dispute about whether they entered into an oral contract and the trial court believed the appellee. And I believe that to have been against the manifest way to the evidence, Your Honor. The only evidence he had was the self-serving remarks. Well, how about the form, the tax form? He had that as well. Where did it come from? There were multiple inferences. Was the trial court entitled to draw the inference that it was given to him? That was one of the inferences the trial court could have drawn. Then why is that? If that's one that it could have drawn, and it did, and it believed the appellee... How is that against the manifest way of the evidence? There's no corroboration. There's no corroboration from a third party. The actions of Mr. Clark were not consistent, meaning he didn't obtain a deed. He didn't advise Mr. Steiner after he paid the taxes. So if we look at it in a vacuum, I understand what your point is as to whether or not there was an agreement, but that in and of itself isn't enough to carry the day as far as preponderance as to the existence of a purported agreement. But didn't the court also attach some significance that the agreement with Kirkman was identical to the agreement with Clark? Thank you. The court did do that, but if we look at it... Is that okay? Does that make sense, that the court would think to itself, it's clear that he was willing to sell the ground on this basis, because he did, or try to later after I think he already did. If you look at the two relationships, though, I think that's where we have a split in the analysis. Meaning, sure, okay, he had this agreement with Kirkman, and then Clark comes along and says he has the same agreement. But the actions of Kirkman and Steiner, where they actually go to the courthouse together, where they actually go to the court's office to pay the taxes, where they actually have the discussion about who's going to do the deed and tender the deed for filing. That's the dichotomy that I think should be given some consideration. And I want to point out, even factually, if your honors feel that, yeah, okay, the court properly found there to have been an agreement, there's still the second question, which is the legal question, is that an enforceable agreement? Because all the plaintiff produced evidence was, was of a purported conversation and a gathering that if you go pay the taxes, Mr. Clark, I'll get a deed. And it's our position that that is not an enforceable contract. It's in violation of the statute of frauds, and there is no writing which would memorialize the agreement. Nothing which provides a description of the property, the terms of the agreement, any of the details that you would typically find in a real estate contract. You'll see from the court's letter ruling that it cites no authority as to why the statute of frauds doesn't apply here. And if I read the appellee's argument in its brief, they cite no common law or cases which say why this case should step outside of the statute of frauds. So it's the appellant's position that even if you find that there was this agreement between the two individuals, it's not an enforceable agreement because it's violative of the statute of frauds. And once you make that finding, then that's the end of the case. The other factor which we would ask the court to review is the remedy that was fashioned. After the court found that there was an enforceable contract, then there was a hearing to Mr. Clark. And in this case, the court did find that there should be specific performance. Nonetheless, I made the argument on behalf of Mr. Steiner that there's money damages that could be found here. And under Illinois law, you're not entitled to specific performance if you can have an adequate legal remedy. And in this case, adequate legal remedy would have been for Mr. Clark to get his money back. And then if he was able to prove by evidence that he did improvements, then he could have compensation for any improvements he did to the property. Isn't there a line of cases, however, that say land is unique and therefore specific performance would be the appropriate remedy? And I think that's what the trial court presumed. And I use the word presumed kind of tongue in cheek, Your Honor. In his letter ruling, the trial court specifically said that land is presumed unique. And I found no authority in the state of Illinois which entitles to a party of a presumption. Now, there is a general concept that land is unique. But nonetheless, the litigant has a burden of making that showing. I do not believe, and I've seen no authority which allows the litigant to simply come to court and say, we're arguing over a parcel of land. I'm entitled to specific performance simply because it's land. It is unique. There still is an evidentiary requiring to show uniqueness. In the court's ruling, the court discussed the dream house, how it had everything we wanted. There's no evidence in this record that the lot in Murdoch, Illinois was anything more than an empty lot that had brush, shrubs, junk, and things of that nature. There's nothing which separates this lot from any other lot in East Central Illinois. So it is the position of the appellants that you don't presume it to be unique. There has to be a showing of uniqueness. And that showing was not brought forth here in this particular case. And I don't believe that the record would support a finding of uniqueness because it simply is a lot. And with that finding then, the court would say, what legal remedy would Mr. Clark have? And that's where we get to the issue of money damages. And I acknowledge that the way we proceeded the circuit court, the plaintiff did not present evidence of money damages. And that's why I would not object to that if the court would rule in favor of my client, that the matter be remanded for determination of legal remedy. I did not mean, and you can gather this from the letter ruling of the court, to foreclose the plaintiff from presenting subsequent evidence if the court found there to be an enforceable contract. So I think one of two things would happen as a result of this current appeal. Your honors would reverse it outright and dismiss the case, or your honors would find there to be an enforceable contract and then remand it for a determination of what legal money damages that Mr. Clark might be entitled to. If your honors have no further questions, then I will yield and allow Mr. McGrath to address the panel. Thank you, sir. You will have your rebuttal.  Mr. McGrath. Good morning, your honor, counsel. This matter, I think, touches on an unusual reality, but a pretty common legal circumstance. The court was faced with making decisions about testimony that it heard, and it made those decisions in favor of Mr. Clark. I think that that should be given great weight by this court. Nothing in the decision by the trial court was against the manifest way of the evidence. He resolved the credibility questions clearly in favor of Mr. Clark in regards to the terms of the contract, the context of the contract, and the actions that Mr. Clark undertook after the contract, including paying the taxes and performing services to improve the property, taking some possession. But the facts in the case, according to Mr. Clark, are that he did specifically tell Mr. Steiner that he had paid the taxes. He specifically was told that he could go on the property with Mr. Steiner's permission because he would be owning it. It was his anyway, is the phrase. That was not agreed to by Mr. Steiner, but I think the court is allowed to make a decision that that's more credible than Mr. Steiner's testimony. If the court does make that decision, then that should be given great weight. So the contract, I think, was proven by the appropriate standard. In regards to the issue of the land being unique in specific performance, the court indicated the long line of cases. The court here has also noted that. We've touched on it in our argument as well. If there's the kind of effort that Mr. Clark put into a contract to try to get it completed, on his part, and he takes those steps, according to a case that we cited, the Voorhis versus MacGyver, it's a matter of right to have specific performance. And that's what we're asking the court as a matter of right to do. We did plead in the alternative for money damages, but I think that we, at this juncture, can rely on the court's decision that specific performance is appropriate. So we would ask the court to affirm in all regards of the trial court's finding. Just to make sure I have this straight, Kirkman goes to the courthouse? I'm sorry, Kirkman or Clark? Well, doesn't Kirkman go to the courthouse with Steiner? Yes, after the other actions have been taking place by Clark. That's correct. And records a quit claim deed? Correct. Okay, and Kirkman, presumably, in receiving the deed, I don't know if he did it, I don't think the record shows, would have searched the recorder's records and found who to be the title holder of the property. There was no evidence of that, Your Honor. And as a matter of fact, the court found in the action we had for a quiet title, the court found that Mr. Kirkman was on notice that Mr. Clark had a claim. Well, isn't the notice that's been accepted for hundreds of years is that you go to the recorder's office and a person can rely upon what's in the recorder's office as a subsequent purchaser and that's the whole idea behind the recording of documents conferring a legal title to property? In regards to a bona fide purchaser, that's not the law as I understand it, Your Honor. The law for a bona fide purchaser is that you have to take the property with no knowledge. And the court ruled in this case specifically that Mr. Kirkman did have knowledge of at least an adverse claim of Mr. Clark that he would be required to investigate and he indicated he did not investigate that. Plus, in addition to that, Your Honor, there was no consideration whatsoever provided to be a bona fide purchaser. So when you get to the quiet title action, the question becomes, bona fide purchaser of the value. There was no value, there was no bona fide purchase. And I would argue that in regards to that part of this case, which I believe is the second consolidated case, the appellant presented no argument or authority in regards to that. And I would ask the court to automatically deny any relief in that case. Specific performance in the oral contract is argued and I think that that's the case before the court. Okay. Thank you, Mr. McGrath. Mr. Bovard, now rebuttal, please. Your Honor, I do not believe that you have raised any issue that I need to specifically rebut and I don't want to repeat anything I've already spoken to this morning. So unless your honors have questions, that would complete my presentation. Seeing no questions, thanks to both of you. The case is submitted and the court stands in recess.